IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DEREMMUS WILLIAMS,<br><br>      Plaintiff,<br><br>      v.<br><br>SUSAN MARTIN,<br><br>      Defendant. | CIVIL ACTION NO.: 5:21-cv-77 |

## ORDER AND REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant Susan Martin's Motion to Dismiss. Doc. 19. In response, Plaintiff requests leave to file an Amended Complaint, which the Court construes as a Motion for Leave to Amend. Doc. 25. For the following reasons, I **RECOMMEND** the Court **DENY as moot** Defendant's Motion to Dismiss. Further, I **GRANT** Plaintiff's construed Motion for Leave to Amend and **ORDER** Plaintiff to submit his Amended Complaint within 14 days of this Court's Order consistent with the instructions in this Order. Finally, I **DIRECT** the Clerk of Court to mail Plaintiff a blank form used for prisoner pro se civil complaints.

### DISCUSSION

I. **Defendant's Motion to Dismiss**

Defendant moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 19. In his Response, Plaintiff, who is proceeding pro se, requests he be permitted to amend his Complaint to include additional factual allegations.

Doc. 25.  The Court construes Plaintiff's Response as a Motion for Leave to Amend.[1]  Under Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).

Defendant filed her Motion to Dismiss under Rule 12(b) on April 5, 2022.  Doc. 19.  Plaintiff requested leave to amend on April 14, 2022.  Doc. 25.  Thus, Plaintiff filed his Motion to Amend within 21 days of Defendant's Rule 12(b) Motion to Dismiss, and he may amend as a matter of right.  Accordingly, I **GRANT** Plaintiff's Motion to Amend and **RECOMMEND** the Court **DENY as moot** Defendant's Motion to Dismiss.

## II.    Instructions for Amended Complaint

A plaintiff's complaint should contain a "short and plain statement" of the plaintiff's claims, and each allegation in the complaint should be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

A plaintiff is not necessarily required to bring a separate action for each individual claim

---

[1] Courts must "liberally construe documents filed by pro se parties" in order to "to create a better correspondence between the substance of a pro se [pleading]'s claim and its underlying legal basis."  Torres v. Miami-Dade County, 734 F. App'x 688, 691 (11th Cir. 2018) (quoting Castro v. United States, 540 U.S. 375, 381–82 (2003)).

against each individual defendant. In some circumstances, the Federal Rules of Civil Procedure allow a plaintiff to name multiple defendants in a suit and to assert multiple claims in a single suit. Specifically, a plaintiff may name multiple defendants in a single action, but only if he asserts at least one claim against those defendants that arises from the same transaction, occurrence, or series of transactions or occurrences, or if any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Additionally, a plaintiff may assert multiple claims against a properly joined defendant in the same action. Fed. R. Civ. P. 18(a).

The Amended Complaint must comply with the following directions. **The Court advises Plaintiff to read and follow these directions carefully:**

(1) The Amended Complaint must be on the Court-approved civil rights complaint form to be used by prisoners in actions arising under 42 U.S.C. § 1983.[2]

(2) The Amended Complaint must be clearly labelled "Amended Complaint" and place the civil action number of this case on the first page of the form.

(3) No more than 10 pages may be attached to the form (this includes written allegations and attachments).

(4) The Amended Complaint must be legible with writing on only one side of each page.

(5) Each intended defendant must be identified by name or by sufficient details to describe the individual.

(6) The Amended Complaint should include only factual allegations concerning events where the rights of Plaintiff were violated or Plaintiff was injured, including the date and location of each alleged violation.

(7) The Amended Complaint must describe each alleged violation and identify each defendant responsible for each alleged violation.

---

[2] The Court **DIRECTS** the Clerk of Court to send the appropriate 42 U.S.C. § 1983 complaint form and a copy of this Order to Plaintiff.

    (8)     The Amended Complaint should not contain legal argument or conclusions.

Once filed, Plaintiff's Amended Complaint will supersede and replace his original Complaint.  Therefore, Plaintiff's Amended Complaint **must not** refer back his previous filing or any of its attachments and **must not** incorporate any part of these filings by reference.  Claims made against particular defendants in the Plaintiff's previous Complaints are not preserved unless they are also set forth in the Amended Complaint.

**Failure to comply with this Order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the District Judge the case be dismissed without further notice for failure to prosecute and failure to follow a Court Order.**

I **ORDER** Plaintiff to file an Amended Complaint within 14 days of the date of this Order and **DIRECT** Plaintiff to conform strictly to the requirements set forth herein.  I also **DIRECT** the Clerk of Court to mail Plaintiff a blank form used for prisoner pro se civil complaints.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DENY as moot** Defendant's Motion to Dismiss.  Further, I **GRANT** Plaintiff's construed Motion for Leave to Amend and **ORDER** Plaintiff to submit his Amended Complaint within 14 days of this Court's Order consistent with the instructions in this Order.  Finally, I **DIRECT** the Clerk of Court the Clerk of Court to mail Plaintiff a blank form used for prisoner pro se civil complaints.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 27th day of April, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA